UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

MCKINNEY MARINE, INC.,            CASE NO.:
A Florida Corporation,

       Plaintiff,
vs.

ABSOLUTE NEVADA, LLC, in
personam, and the M/V "AMERICANA",
a 1988 cruise ship, her engines, bowsprit,
anchor, cables, chains, rigging, tackle,
apparel, furniture and all accessories,
hereunto appertaining and belonging to
her, in rem,

       Defendants.
_____/

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF SUPPLEMENTAL
MARITIME RULE B WRIT OF ATTACHMENT AND
SUPPLEMENTAL RULE C WARRANT OF ARREST**

COMES NOW, the Plaintiff, MCKINNEY MARINE, INC. ("MCKINNEY"), by and through the undersigned counsel, and hereby files this Verified Complaint with Request for Issue of Supplemental Maritime Rule B Writ of Foreign Attachment and Supplemental Rule C Warrant of Arrest ("Verified Complaint") and sues Defendants, ABSOLUTE NEVADA, LLC, *in personam,* and the M/V "AMERICANA," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, *in rem*; and in support thereof would allege as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This is a case seeking the foreclosure of a maritime lien, *in rem*, against the Defendant vessel and against the owner and operator of the vessel, and otherwise seeking attorney fees, costs, and prejudgment interest within Rules B & C of the Supplemental Rules for

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

Certain Admiralty and Maritime Claims, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is otherwise within the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. §§1332, 1333. To the extent a claim does not fall within the Court's jurisdiction as set forth above, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2. Venue for this civil action is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b)(2).

3. At all material times, Plaintiff, MCKINNEY MARINE, INC. ("MCKINNEY"), was and is Florida corporation doing business in Green Cove Springs, Clay County, Florida.

4. At all material times, the M/V "AMERICANA", her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"), was and is a 1988 cruise ship, U.S. Documented, Official Number 928931, hailing port of New York, NY, is currently located within the geographic jurisdictional boundaries of this Court in Fort Pierce, St. Lucie County, Florida, and will be located within the geographic jurisdictional boundaries of this Court during the pendency of the action within the Southern District of Florida, but is capable of transportation out of the jurisdiction at any time.

5. At all material times, Defendant, ABSOLUTE NEVADA, LLC ("ABSOLUTE"), is a foreign company, based in Midland, TX and was and is believed to be the owner and/or operator of the M/V "AMERICANA" as set forth on the Abstract of Title dated November 16, 2015 and attached hereto as Exhibit "A" and the USCG Vessel Documentation Query dated January 12, 2016, attached as Exhibit" B".

6. At all material times, Defendant, ABSOLUTE, is subject to the personal jurisdiction of this Court, as a company operating and selling vessels in this state or otherwise

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

engaged in one or more of the following acts:

1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;

2. Committing a tortious act within this state;

3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state;

4. Contracting to insure a person, property, or risk located within this state at the time of contracting;

5. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage;

6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, and, at or about the time of the injury, either:

    a. engaging in solicitation or service activities within this state; or

    b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use;

7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state;

8. Entering into a contract that complies with s. 685.102; and

9. Other acts or omissions to be revealed throughout the course of discovery.

## **FACTS APPLICABLE TO ALL COUNTS**

7. At all material times, the owners, operators, insurers and others holding a pecuniary interest in the Vessel received a direct and pecuniary benefit from Plaintiff's vessel repair work

3

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

and efforts and are liable to the Plaintiff for compensation based on the maritime contract for such services as entered into in Green Cove Springs, Florida.

8. On or about November, 2014, MCKINNEY contracted with ABSOLUTE for ship repair services in Green Cove Springs, Florida for the Vessel. The parties eventually agreed to a flat rate for services of $65.00 per hour. The parties agreed that invoices would be paid within thirty (30) days after presentment. The parties further agreed that invoices remaining unpaid after the due date would accrue interest at the rate of 1.5% per month and that in the event of legal action taken to collect the sums owed, that MCKINNEY would be entitled to recover its reasonable attorney's fees and costs related to such legal action. See Invoices attached as Composite Exhibit "C".

9. Each invoice for services attached in Exhibit C has been duly presented to ABSOLUTE for payment and ABSOLUTE has refused to make payment. At no time has ABSOLUTE objected or disputed the amount of such invoices for services. At all times ABSOLUTE accepted the services provided without objection.

10. On or about November 16, 2015, MCKINNEY recorded its maritime lien for unpaid repair services against the Vessel with the USCG National Vessel Documentation Center. A true and correct copy of the recorded lien is attached as Exhibit "D".

11. This Verified Complaint is filed, for the purpose of seeking security for any award of damages for breach of contract and account stated, which may issue in MCKINNEY's favor and by way of an arrest and seizure of the Defendant Vessel in foreclosure of its maritime lien for ship repair services pursuant to the Maritime Commercial Instruments and Lien Act ("MCILA"), 46 U.S.C. §§ 31301-31343.

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

## ATTORNEYS' FEES AND COSTS

12.     At all material times, MCKINNEY's ship repair work on the M/V "AMERICANA" was subject to the terms in McKinney's invoices, which state in bold red letters "Late Payment will be subject to a service charge of 1.5% per month.   Reasonable collection and attorney's fees will be assessed to all accounts placed for collection" See Exhibit "C". Absolute agreed to such terms and has paid prior invoices from McKinney in the regular course of business, accepting such terms.

13.     MCKINNEY has retained the law firm of Rumrell, McLeod & Brock, PLLC, in this action and is obligated to pay a reasonable fee for the services rendered.

## PREJUDGMENT INTEREST

14.     Pursuant to the invoices, Exhibit "C", Plaintiff seeks and is further entitled to prejudgment interest. *See*, <u>Virgin Offshore U.S.A. Inc. v. Tex. Crewboats, Inc.</u>, WL 1672321 *3 (W.D. La., June 7, 2007), *citing*, <u>Complaint of M/V Vulcan</u>, 553 F.2d 489, 490-91(5th Cir. 1977). ("In admiralty cases, the award of prejudgment interest from the date of loss is the rule rather than the exception.").

15.     All conditions precedent to bringing this action have been performed, satisfied, waived, occurred, or otherwise discharged.

## DAMAGES

16.     Since January 4, 2016, Plaintiff has and will incur damages of $155,565.96 for the unpaid invoices, plus prejudgment interest through the date of filing this action, excluding attorneys' fees and costs. The Plaintiff will continue to incur custodia legis expenses related to

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

the M/V "AMERICANA." Prejudgment interest continues to accrue in the amount of $77.78 per day.

## COUNT I

## BREACH OF CONTRACT

(*In Personam vs. Absolute Nevada, LLC*)

17. The Plaintiff adopts and reasserts the allegations set forth in paragraphs 1 through 16 above as if fully set forth herein and further states as follows.

18. At all material times, the Plaintiff is informed and believes and thereupon alleges that the Defendant, ABSOLUTE, was and is the owner of the M/V "AMERICANA" and/or otherwise possesses a pecuniary interest in the M/V "AMERICANA."

19. On or about November, 2014, MCKINNEY and ABSOLUTE negotiated ship repair services for the Vessel in Green Cove Springs, Florida, for a specific scope and in consideration for a specific rate. All terms were pursuant to the law of Florida and the United States.

20. As agreed between the parties, MCKINNEY invoiced ABSOLUTE for the services on a monthly as performed. The invoices were due and payable to MCKINNEY in US dollars in Green Cove Springs, Florida. ABSOLUTE had been paying the invoices in accordance with the terms of the agreement on a timely manner, but then stopped paying without notice or cause.

21. ABSOLUTE never objected to any of the invoices presented by MCKINNEY.

22. After services on the Vessel commenced in Green Cove Springs, Florida, on or about November, 2014, ABSOLUTE moved the Vessel to Bradford Marine in the Bahamas, where the services continued under terms of the agreement reached in Green Cove Springs,

6

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

Florida.

23.     On or about December 9, 2015, MCKINNEY removed all personnel from the Vessel and returned to Green Cove Springs, Florida due to non-payment.

24.     ABSOLUTE has breached its contract with MCKINNEY and MCKINNEY has been damaged in the principal amount of $155,565.96, plus prejudgment interest, plus attorney's fees and costs.

25.     At all material times, the Plaintiff is entitled to attach the assets of ABSOLUTE who cannot be found within the Southern United States District Court and cannot be served with a summons and complaint as provided by Rule 4(d)(1), (2), (3) or (6) of the Federal Rules of Civil Procedure within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local Rules of this Court. See, Declaration of Foreign Attachment attached hereto as Exhibit "E".

26.     At all material times, Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims expressly provides that "[i]f a defendant is not found within the district when a verified complaint praying for attachment, and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property up to the amount sued for in the hands of the garnishee named in the process."

27.     At all material times, MCKINNEY is informed, believes and thereupon alleges that assets belonging to ABSOLUTE, are currently located within the Southern District of Florida or will be located within the Southern District of Florida during the pendency of this action, and would respectfully request that this Court direct the Clerk issue a Writ of Foreign Attachment against all assets of ABSOLUTE located within the Southern District of Florida. More

7

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

specifically, since Defendant, ABSOLUTE, cannot be found within the district at the time of the initial filing, that property including, but not limited to the motor vessel "AMERICANA," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"), and other goods and chattels, or credits and effects, cash, letters of credit, or other monies or assets belonging to, or to become owing to, or established by or on behalf of the Defendants, jointly or individually, or any other funds or assets held by any garnishee, be attached in this proceeding under a Writ of Maritime Attachment and Garnishment to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the complaint pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, Plaintiff, MCKINNEY MARINE, INC., by and through undersigned counsel, demands judgment for its damages, together with interest, costs, and attorneys' fees, expert fees, and custodial legis expenses, against the Defendant, ABSOLUTE NEVADA, LLC; and further prays:

A. That summons issue citing Defendant, ABSOLUTE NEVADA, LLC, a foreign company, *in personam*, to appear and answer the aforesaid matters;

B. That a Summons with a process of attachment and garnishment may issue against the Defendant, ABSOLUTE NEVADA, LLC; and if the Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, then its goods, chattels, and credits within the district, and particularly the motor vessel "AMERICANA," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"), and all moneys and/or credits of the Defendants in the District be attached in an amount sufficient to answer the Plaintiff's claim;

C. That a judgement may be entered in favor of the Plaintiff for the amount of its claim, with interest, costs, and attorney fees, and that a decree of condemnation may be issued against the property and credits of the Defendant, ABSOLUTE NEVADA,

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

LLC, for the amount of the Plaintiff's claim plus interest, costs, and attorney fees;

D. That a judgment may be entered in favor of the Plaintiff and against the Defendant, ABSOLUTE NEVADA, LLC, in the amount of its indebtedness, with interest, costs, expenses and attorney fees, and that the motor vessel "AMERICANA," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"), be condemned and sold to pay the demands and claims of the Plaintiff against ABSOLUTE NEVADA, LLC;

E. That Plaintiff be permitted to bid its judgment against the M/V "AMERICANA" at a United States Marshal's Sale;

F. That a judgment may be entered in favor of the Plaintiff and against the Defendant, ABSOLUTE NEVADA, LLC, in the amount of its indebtedness, with interest, costs, expenses and attorney fees;

G. That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice; and

H. That the Plaintiff may have such other and further relief that this Court deems just and proper.

## COUNT II

## ACCOUNT STATED

(*In Personam vs. Absolute Nevada, LLC*)

28. The Plaintiff, MCKINNEY, adopts and reasserts the allegations set forth in paragraphs 1 through 16, above as if fully set forth herein and further states as follows.

29. Before the institution of this action MCKINNEY and ABSOLUTE had business transactions between them commencing on November, 2014 and ending on December 9, 2015, and agreed upon the resulting balance.

30. MCKINNEY rendered invoices to ABSOLUTE, attached as Exhibit "C", and ABSOLUTE did not object to the invoices.

31. ABSOLUTE owes MCKINNEY $155,565.96 that is due with interest

9

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

commencing from the date noted on each invoice.

      32.    At all material times, the Plaintiff is entitled to attach the assets of ABSOLUTE who cannot be found within the Southern United States District Court and cannot be served with a summons and complaint as provided by Rule 4(d)(1), (2), (3) or (6) of the Federal Rules of Civil Procedure within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims and the local Rules of this Court. See, Declaration of Foreign Attachment attached hereto as Exhibit "E".

      33.    At all material times, Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims expressly provides that "[i]f a defendant is not found within the district when a verified complaint praying for attachment, and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property up to the amount sued for in the hands of the garnishee named in the process."

      34.    At all material times, MCKINNEY is informed, believes and thereupon alleges that assets belonging to ABSOLUTE, are currently located within the Southern District of Florida or will be located within the Southern District of Florida during the pendency of this action, and would respectfully request that this Court direct the Clerk issue a Writ of Foreign Attachment against all assets of ABSOLUTE located within the Southern District of Florida. More specifically, since Defendant, ABSOLUTE, cannot be found within the district at the time of the initial filing, that property including, but not limited to the motor vessel "AMERICANA," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"), and other goods and chattels, or credits and effects, cash, letters of credit, or other monies or assets belonging to, or to become

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

owing to, or established by or on behalf of the Defendants, jointly or individually, or any other funds or assets held by any garnishee, be attached in this proceeding under a Writ of Maritime Attachment and Garnishment to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the complaint pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, Plaintiff, MCKINNEY MARINE, INC., by and through undersigned counsel, demands judgment for its damages, together with interest, costs, and attorneys' fees, expert fees, and custodial legis expenses, against the Defendant, ABSOLUTE NEVADA, LLC; and further prays:

A. That summons issue citing Defendant, ABSOLUTE NEVADA, LLC, a foreign company, *in personam*, to appear and answer the aforesaid matters;

B. That a Summons with a process of attachment and garnishment may issue against the Defendant, ABSOLUTE NEVADA, LLC; and if the Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, then its goods, chattels, and credits within the district, and particularly the motor vessel "AMERICANA," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"), and all moneys and/or credits of the Defendants in the District be attached in an amount sufficient to answer the Plaintiff's claim;

C. That a judgement may be entered in favor of the Plaintiff for the amount of its claim, with interest, costs, and attorney fees, and that a decree of condemnation may be issued against the property and credits of the Defendant, ABSOLUTE NEVADA, LLC, for the amount of the Plaintiff's claim plus interest, costs, and attorney fees;

D. That a judgment may be entered in favor of the Plaintiff and against the Defendant, ABSOLUTE NEVADA, LLC, in the amount of its indebtedness, with interest, costs, expenses and attorney fees, and that the motor vessel "AMERICANA," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"), be condemned and sold to pay the demands and claims of the Plaintiff against ABSOLUTE NEVADA, LLC;

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

    E.  That Plaintiff be permitted to bid its judgment against the M/V "AMERICANA" at a United States Marshal's Sale;

    F.  That a judgment may be entered in favor of the Plaintiff and against the Defendant, ABSOLUTE NEVADA, LLC, in the amount of its indebtedness, with interest, costs, expenses and attorney fees;

    G.  That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice; and

    H.  That the Plaintiff may have such other and further relief that this Court deems just and proper.

COUNT III

FORECLOSURE OF MARITIME LIEN

(*In Rem* vs. M/V "AMERICANA")

    35.  The Plaintiff, MCKINNEY, adopts and reasserts the allegations set forth in paragraphs 1 through 16, above as if fully set forth herein and further states as follows.

    36.  Pursuant to the general maritime law, Florida Statutes §§ 713.60, 713.61, 713.64 and 46 U.S.C. §31301(4), MCKINNEY possesses a maritime lien against the M/V "AMERICANA" and its engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc. for the repair services provided to the Vessel.

    WHEREFORE, the Plaintiff, MCKINNEY MARINE, INC., prays the following:

    A.  That process in due form of law in admiralty and maritime cases according to the rules and laws of this Court in causes of admiralty and maritime jurisdiction issue against the M/V "AMERICANA," a motor vessel, her engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc., *in rem*, and that all persons claiming an interest therein be cited to appear and answer the Plaintiff's Complaint;

    B.  That the Plai*ntiff be decreed to have a lien of high order upon the M/V "AMERICANA" as described herein and that such lien be foreclosed in accordance with the law and that the vessel be condemned and sold in payment of the amount due and all other such sums owed;

12

McKinney Marine, Inc. vs.
Absolute Nevada, LLC
and the M/V "Americana", et al.
<u>Verified Complaint</u>

    C.  That the Plaintiff be permitted to bid its judgment against the M/V "AMERICANA" at a United States Marshal's Sale; and that this Court further award Plaintiff the total amount of Plaintiff's claim, plus pre and post-judgment interest and costs, expenses of custody, and that Plaintiff be permitted to recover the same from the Defendant Vessel, *in rem*, in an amount no less than $155,565.96

    D.  That, upon proper notice and hearing, judgment be entered against the Defendants fully compensating the Plaintiff awarding compensatory, special and general damages, together with pre-judgment interest, post judgment interest, costs, custodial legis expenses, and attorneys' fees;

    E.  That any deficiency after sale of the Defendant Vessel be made as a judgment in favor of Plaintiff and against the *in personam* and *quasi in rem* Defendants;

    F.  That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice including attorney fees and expenses of litigation through any appeal.

Dated:    January 14, 2016        Respectfully Submitted,

                                          RUMRELL, MCLEOD & BROCK, PLLC

                                          /s/ Lindsey C. Brock, III
                                          _____
                                          Lindsey C. Brock, III, Esq.
                                          Fla. Bar #971669
                                          Michael W. McLeod, Esq.
                                          Fla. Bar #956831
                                          Rumrell, McLeod & Brock, PLLC
                                          24 Cathedral Place Suite 504
                                          St. Augustine, Florida 32084
                                          (904) 996-1100 Office
                                          (904) 825-0287 Fax
                                          E-Mail lindsey@rumrelllaw.com
                                          Secondary E-Mail: kristen@rumrelllaw.com
                                          Attorneys for Plaintiff